# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:16-cr-173-GZS |
| WILLIAM GAUDET, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION IN LIMINE

Before the Court is Defendant William Gaudet's Comprehensive Motion *in Limine* Regarding Exclusion/Limitation of Evidence at Trial (ECF No. 45). For the following reasons, the Court DENIES IN PART, GRANTS IN PART, and DEFERS RULING IN PART on the Motion.[1]

## I. BACKGROUND

Defendant William Gaudet is charged in a two-count indictment with Transportation with Intent to Engage in Criminal Sexual Activity, 18 U.S.C. § 2423(a), and Travel with Intent to Engage in Illicit Sexual Conduct, 18 U.S.C. § 2423(b). These charges arise from Defendant's alleged transporting of his minor daughter, T.G., between Maine and Pennsylvania in May and July of 2010 with the intent to engage in criminal sexual activity with her. Defendant has moved to limit or exclude certain evidence at trial.[2]

---

[1] The Court has determined that oral argument on Defendant's Motion is not necessary. See D. Me. Loc. R. 7(f).

[2] The Government represents that it *does not* intend to present at trial (1) evidence of physical or sexual abuse of J.D.G., T.G.'s mother, perpetrated by Defendant *through J.D.G.'s testimony* during its case-in-chief; (2) the testimony of J.G., Defendant's eldest daughter or his "older daughter from his first wife," during its case-in-chief; and (3) evidence of Defendant's prior conviction for sexual assault involving Jenny G., Defendant's second oldest daughter or his "second daughter from his first wife." (See Gov't Response (ECF No. 54), PageID #s 132-35.)

## II.   ANALYSIS

A. <u>Testimony of T.G. Regarding Prior Incidents of Abuse</u>

The Government intends to present testimony by the named victim about prior incidents in which Defendant subjected her to sexual abuse. Defendant asks the Court to exclude this evidence at trial because it is "not admissible under Rules 403, 404, 413, 414, or otherwise." (Def.'s Mot. in Limine (ECF No. 45), PageID # 92.) The Government persuasively provides several reasons why this evidence is admissible, including that the prior conduct is not extrinsic to the charged offenses, or, in the alternative, that the prior conduct can be introduced pursuant to Federal Rule of Evidence 404(b) as evidence of motive or intent.[3] (Gov't Response (ECF No. 54), PageID # 132-33.) However, the best support for admission of the evidence is Federal Rule of Evidence 414, which provides,

> In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.

Fed. R. Evid. 414(a).[4]

---

[3] Federal Rule of Evidence 404(b) provides that evidence of an uncharged "crime, wrong or other act" that is inadmissible to show a person's propensity to commit the charged crime "may be admissible [for the purpose of] proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1), (2). Both charged offenses in this case require that a defendant transported the minor or traveled with an intent to engage in impermissible sexual conduct. See 18 U.S.C. § 2423(a) ("A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce . . . *with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense*, shall be fined under this title and imprisoned not less than 10 years or for life.") (emphasis added); 18 U.S.C. § 2423(b) ("A person who travels in interstate commerce or travels into the United States . . . *for the purpose of engaging in any illicit sexual conduct with another person* shall be fined under this title or imprisoned not more than 30 years, or both.") (emphasis added).

[4] Defendant argues for the first time in his Reply that Rule 414 does not apply because the charged offenses are not "child molestation" offenses within the meaning of the Rule. (Def.'s Corr. Reply (ECF No. 72), PageID #s 171-73.) The Rule defines "child" as "a person below the age of 14" and "child molestation" as "a crime under federal law or under state law . . . involving: (A) any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child; (B) any conduct prohibited by 18 U.S.C. chapter 110; (C) contact between any part of the defendant's body—or an object—and a child's genitals or anus; (D) contact between the defendant's genitals or anus and any part of a child's body; (E) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on a child; or (F) an attempt or conspiracy to engage in conduct described in subparagraphs (A)-(E)." Fed. R. Evid. 414(d)(1), (2). Defendant does not cite to any case law to support his argument. Considering the plain language of the Rule, this

2

It is well established that "Rule 414 removes Rule 404(b)'s blanket ban on propensity inferences in child-molestation cases." United States v. Jones, 748 F.3d 64, 70 (1st Cir. 2014). "This Rule 414 evidence remains subject to Rule 403's balancing between probative value and unfair prejudice." United States v. Joubert, 778 F.3d 247, 254 (1st Cir. 2015). But "district courts must apply Rule 403 with awareness that [Rule 414] reflects a congressional judgment to remove the propensity bar to admissibility of certain evidence." Martínez v. Cui, 608 F.3d 54, 60 (1st Cir. 2010) (specifically discussing Rule 415, which removes the bar to propensity evidence in civil cases involving sexual assault or child molestation). Federal Rule of Evidence 403 provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of," among other considerations, "unfair prejudice."

Applying Rule 403 to testimony by T.G. concerning prior incidents of abuse by Defendant, the Court concludes that the evidence's probative value is not substantially outweighed by a danger of unfair prejudice. To the contrary, the evidence of other incidents of abuse is highly probative—the prior incidents involve the named victim and may shed light on Defendant's motive or intent regarding the charged offenses—and any danger of *unfair* prejudice can be mitigated by a proper limiting instruction. See United States v. Majeroni, 784 F.3d 72, 75 n.3 (1st Cir. 2015) (approving this Court's use of limiting instructions when evidence of a defendant's prior conviction for

---

Court readily determines that Defendant has been accused of a federal crime involving conduct prohibited by 18 U.S.C. chapter 109A, namely, aggravated sexual abuse of a child under 18 U.S.C. § 2241(c). That offense ordinarily requires that the child is younger than 12 years old, and it appears from the parties' representations that T.G. was younger than 12 at the time of the charged offenses. Furthermore, the Court does not doubt that the specific sexual contact alleged between Defendant and T.G. likely places the matter within the Rule. The Court also notes that, regarding the prior incidents of abuse, Defendant represents they are alleged to have taken place when T.G. was 6 years old. (See Def.'s Corr. Reply, PageID # 174.) For these reasons, the Court concludes that Rule 414 does apply and joins those other courts that have applied the rule in prosecutions for 18 U.S.C. § 2423 offenses. See, e.g., United States v. McGuire, 627 F.3d 622, 626-27 (7th Cir. 2010). Because the Court determines that Rule 414 is applicable, it does not consider whether the evidence of prior incidents of abuse of T.G. would be admissible in the alternative pursuant to Rule 413, which allows for the admission of evidence that a defendant "committed any other sexual assault" in a sexual assault case. Fed. R. Evid. 413(a).

possession of child pornography was admitted in evidence pursuant to Rule 414). For these reasons, the Court DENIES Defendant's Motion to the extent it seeks to exclude T.G.'s testimony about prior incidents in which Defendant allegedly subjected her to sexual abuse. This denial is WITHOUT PREJUDICE to Defendant renewing any objection to this evidence at trial.

B. <u>Testimony of T.G. Regarding Her Observations of Physical and Sexual Abuse of J.D.G. by Defendant</u>

The Government also intends to present a "limited amount" of testimony by T.G. regarding observations she made of physical and sexual abuse of her mother, J.D.G., by Defendant. The Government seeks to introduce this evidence "to show that it caused T.G. to fear the Defendant and explain why she did not report her own abuse for years, despite similar reports by her older sisters and the incarceration of the Defendant."[5] (Gov't Response, PageID # 134.) Defendant argues that this evidence "is not admissible under Rules 403, 404, 413, 414, or otherwise." (Def.'s Mot. in Limine, PageID # 92.)

Assuming for purposes of deciding Defendant's Motion that the presentation of such evidence would be within the ambit of Rule 413, the Court concludes, pursuant to Rule 403, that the evidence's probative value is substantially outweighed by the danger of unfair prejudice to Defendant. On the one hand, the probative value of the evidence regarding J.D.G. is relatively limited: although testimony by T.G. about her mother's abuse could help explain any unwillingness on T.G.'s part to report her own abuse, Defendant's abuse of J.D.G. is not clearly relevant to his propensity to abuse his own daughter or to his intentions in taking his daughter across state lines. On the other hand, testimony about Defendant's abuse of J.D.G. poses a clear risk of inflaming the jury against Defendant. See <u>Jones</u>, 748 F.3d at 71 (explaining that evidence

---

[5] The parties do not appear to dispute that T.G. reported her sexual abuse by Defendant several years after the abuse allegedly occurred.

can be unfairly prejudicial if it "cause[s] the jury to condemn a defendant based on passion or bias [or causes a jury who is unsure of guilt to] convict[] anyway because it believes the other-crimes evidence shows the defendant is an evildoer who must be locked up.") (footnote omitted). The Court also notes that T.G. could testify to her fear of Defendant without testifying about abuse of her mother. Given these considerations, the Court GRANTS Defendant's Motion to the extent he seeks to exclude testimony by T.G. regarding her observations of Defendant's abuse of her mother. However, the Court excludes this evidence WITHOUT PREJUDICE to the Government seeking to admit this evidence at trial in the event that Defendant references or presents evidence concerning any delay by T.G. in reporting her own abuse.

C. Evidence of Prior Sexual Abuse of Jenny G. by Defendant

Finally, the Government intends to introduce a recording or certified transcript of prior sworn testimony by Jenny G., Defendant's now deceased daughter, regarding her sexual abuse by Defendant. Defendant argues that this evidence "is not admissible pursuant [to] Fed. R. Evid. 403, 404, 413, 414, or otherwise."[6] (Def.'s Mot. in Limine, PageID # 92.) This evidence may well be admissible pursuant to Rules 413 and/or 414[7] because it goes to Defendant's propensity to engage in sexual abuse and, in particular, sexual abuse against his own daughters.[8] Furthermore, the Jenny

---

[6] In Defendant's Motion, defense counsel states his understanding that the Government would not be presenting certain evidence regarding Defendant's abuse of Jenny G. in its case-in-chief. (Def.'s Mot. in Limine (ECF No. 45), PageID # 92.) In its Response, the Government clarifies that it does not intend to present evidence of Defendant's prior conviction for sexually abusing Jenny G. but does intend to present Jenny G.'s sworn testimony regarding her abuse. (Gov't Response, PageID # 134 & n.2.)

[7] The Government mentions both rules and it is not entirely clear from the parties' filings whether or not Jenny G.'s abuse constituted "child molestation" within the meaning of Rule 414. See Fed. R. Evid. 414(d)(2).

[8] To the extent that the Government is proffering sworn testimony from a prior judicial proceeding in which Jenny G. was subject to cross-examination by Defendant, as the Government suggests, the hearsay exception for sworn testimony by an unavailable declarant is triggered, see Fed. R. Evid. 804(b)(1), and there is no Confrontation Clause problem.

G. evidence could conceivably be highly probative as to Defendant's intent regarding the charged offenses. However, the Court does not have enough information about Jenny G.'s testimony at this time to determine its admissibility and balance the evidence's probative value against the risk of unfair prejudice or the risk of diffusing the jury's focus on the charged offenses. See Fed. R. Evid. 403. The Court therefore DEFERS RULING on this evidence and ORDERS the Government to submit to the Court by November 1, 2017, the transcript or recording excerpts of Jenny G.'s prior testimony it would seek to admit at trial if the Court were to admit any of her prior testimony.[9] If any excerpt is provided, Defendant shall notify the Court whether he intends to seek admission of any additional portions of the testimony pursuant to Federal Rule of Evidence 106, and provide those portions to the Court, no later than November 3, 2017.

## III. CONCLUSION

For the foregoing reasons, the Court (1) DENIES WITHOUT PREJUDICE Defendant's Motion to the extent it seeks to exclude T.G.'s testimony about prior incidents in which Defendant allegedly subjected her to sexual abuse; (2) GRANTS Defendant's Motion to the extent it seeks to exclude testimony by T.G. regarding her observations of Defendant's abuse of her mother, with the caveat that the Government may seek admission of this evidence at trial if Defendant references or presents evidence regarding any delay by T.G. in reporting her own abuse; and (3) DEFERS RULING on the admission of Jenny G.'s prior testimony and ORDERS the parties to submit transcript or recording excerpts of Jenny G.'s prior testimony they would seek to admit at trial, if

---

[9] The Court notes that both Rule 413 and Rule 414 require that the Government disclose to a defendant any witness statement or summary of expected testimony regarding evidence of a similar crime "at least 15 days before trial or at a later time that the court allows for good cause." See Fed. R. Evid. 413(b) & 414(b).

the Court were to admit any of her prior testimony, in accordance with the deadlines laid out in this Order.

SO ORDERED.

/s/ George Z. Singal<br>United States District Judge

Dated this 26th day of October, 2017.