# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) |  |
|  | ) | Docket no. 2:16-cr-173-GZS |
| WILLIAM GAUDET, | ) |  |
|  | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER REGARDING TESTIMONY OF JENNY G. AND STATE COURT JUDGMENT OF CONVICTION

Before the Court are Defendant William Gaudet's Comprehensive Motion *in Limine* as to the issue of the admissibility of Jenny G.'s prior testimony (ECF No. 45) and the Government's request to admit Defendant's prior conviction regarding Jenny G. (ECF No. 93).[1] For the reasons explained below, the Court DENIES Defendant's motion to exclude Jenny G.'s testimony and GRANTS the Government's request to admit the prior judgment of conviction.

In the present case, Defendant is charged with crimes involving unlawful sexual contact with his minor daughter, T.G.[2] Defendant was previously tried and convicted in state court with

---

[1] The Court has previously ruled on other aspects of Defendant's Motion. (ECF No. 78.) The Government has not separately moved to admit the prior conviction but made the request in its Supplemental Response to Defendant's Motion in Limine. (ECF No. 93.) The Court set a deadline for Defendant to respond, but Defendant has not responded to the Government's request.

[2] Defendant is charged in a two-count indictment with Transportation with Intent to Engage in Criminal Sexual Activity, 18 U.S.C. § 2423(a), and Travel with Intent to Engage in Illicit Sexual Conduct, 18 U.S.C. § 2423(b). These charges arise from Defendant's alleged transporting of T.G. between Maine and Pennsylvania in May and July of 2010 to engage in criminal sexual activity with her. Both charged offenses require that Defendant transported T.G. or traveled with an intent to engage in unlawful sexual conduct with her. See 18 U.S.C. § 2423(a) ("A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce . . . *with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense*, shall be fined under this title and imprisoned not less than 10 years or for life.") (emphasis added); 18 U.S.C. § 2423(b) ("A person who travels in interstate commerce or travels into the United States . . . *for the purpose of engaging in any illicit sexual conduct with another person* shall be fined under this title or imprisoned not more than 30 years, or both.") (emphasis added).

sexually abusing a different daughter, Jenny G., when she was 12 and 16 years old. The Government is seeking to admit both Jenny G.'s testimony at the state trial and the judgment of conviction.

Testimony of Jenny G.

As this Court has previously indicated, Jenny G.'s testimony does not pose any hearsay or Confrontation Clause problems because she is deceased and she was cross-examined at the prior judicial proceeding by counsel for Defendant. See Fed. R. Evid. 804(b)(1). However, Defendant "continues to object to the admission of any statement by Jenny G. pursuant to [Federal Rules of Evidence] 413, 414, 404, or 403." (Def.'s Resp. to Court Order (ECF No. 94), PageID # 439.) After careful consideration, the Court concludes that Jenny G.'s testimony is admissible pursuant to Federal Rule of Evidence 413.

Rule 413 provides, "In a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault." Fed. R. Evid. 413(a). "Sexual assault" is defined under the Rule to include any crime involving contact without consent between any part of the defendant's body and another person's genitals or anus, or contact without consent between the defendant's genitals or anus and another person's body. Fed. R. Evid. 413(d)(2)-(3). The Court readily determines that Defendant has been accused of a "sexual assault" in this case, namely, unlawful contact with T.G.'s genitals. See Fed. R. Evid. 413(d)(2)-(3); see also Gov't's Proposed Jury Instructions, Proposed Instruction #1 (ECF No. 84), PageID # 226 (suggesting that Defendant is accused of violating Maine law prohibiting touching the genitals of a person under the age of 13).[3] The Court also determines that Jenny's G.'s

---

[3] The Court recognizes that Defendant is charged in this case with what would commonly be understood as a "child molestation" offense, but Defendant's charged conduct with T.G. is also a "sexual assault" within the definition of that term in Rule 413. The Court is cognizant of the fact that many child molestation offenses could fit the definition of "sexual assault" in Rule 413 and thus that Rule 413 could swallow Rule 414 and its age-related restrictions on the

testimony that Defendant rubbed her unclothed breast when she was 12, and rubbed her vagina and rubbed his penis on her leg when she was 16, constitutes evidence of "any other sexual assault" within the meaning of Rule 413. See Fed. R. Evid. 413(d)(1), (2)-(3); 18 U.S.C. § 2246(3) (defining "sexual contact" prohibited under chapter 109A to include "the intentional touching, either directly or through the clothing, of the . . . breast . . . of any person"). Therefore, Jenny G.'s testimony is admissible, including as evidence of Defendant's propensity to commit the charged offenses, pursuant to Rule 413.

The Court further determines (1) pursuant to Federal Rule of Evidence 401 that the evidence that Defendant previously sexually abused one of his own daughters is highly relevant, and (2) pursuant to Federal Rule of Evidence 403 that the probative value of this evidence is not substantially outweighed by a danger of unfair prejudice. See United States v. Joubert, 778 F.3d 247, 254 (1st Cir. 2015) (determining that the district court did not abuse its discretion in admitting testimony that the defendant had previously abused children other than the named victim and noting that courts have admitted testimony about prior abuse "where that testimony showed that the defendant sought a similar type of sexual gratification"). For these reasons, the Court DENIES Defendant's Motion to the extent it seeks to exclude Jenny G.'s testimony about the incidents of abuse by Defendant.

Judgment of Conviction

The Court also GRANTS the Government's request to admit Defendant's state court judgment of conviction for sexually abusing Jenny G. The conviction is admissible pursuant to

---

use of evidence of prior crimes. See Fed. R. Evid. 414(d)(1) (defining "child" for the purposes of any "child molestation" offense as "a person below the age of 14"). However, the Court must apply the language of the Rules of Evidence as written and the Court is unaware of any precedent foreclosing the application of Rule 413 in a case where the charged offense constitutes both a sexual assault and a child molestation offense within the respective definitions in Rules 413 and 414.

3

Rule 413 for the same reasons her testimony regarding the incidents of abuse is admissible under that Rule. See United States v. Majeroni, 784 F.3d 72, 75-76 (1st Cir. 2015) (noting that Rule 414's allowance for the admission of evidence of other incidents of sexual abuse grants the trial court discretion to admit evidence of a prior conviction). The Court similarly determines that the judgment of conviction is relevant and that its probative value is not substantially outweighed by a danger of unfair prejudice considering that the conviction can permissibly go to Defendant's motive, intent, and propensity, among other uses.

In summary, the Court (1) DENIES Defendant's Motion to the extent he seeks to exclude Jenny G.'s testimony regarding the incidents of abuse by Defendant when she was 12 and 16 years old; and (2) GRANTS the Government's request to admit Defendant's judgment of conviction for the offenses against Jenny G. These rulings are made WITHOUT PREJUDICE to Defendant renewing his objections at trial outside the presence of the jury.

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 9th day of November, 2017.